## LONG *v.* CITY OF PORTLAND.

[No. 18,460. Filed November 15, 1898.]

NUISANCE.—*Municipal Corporations.*—*City Ordinance.*—Keeping and feeding 500 chickens from Saturday until the following Monday by a dealer for the purpose of shipping same does not amount to a violation of a city ordinance making it unlawful to keep for the purpose of feeding for any market any number of chickens exceeding fifty.

From the Jay Circuit Court. *Reversed.*

*John M. Smith* and *John F. La Follette,* for appellant.

*D. T. Taylor* and *S. A. D. Whipple,* for appellee.

HACKNEY, C. J.—The appellant was charged by the city, and found guilty, of the violation of section numbered two of an ordinance of said city as follows: "That it shall be unlawful for any person or persons to keep in any lot or enclosure within the corporate limits of said city of Portland, Indiana, for the purpose

of slaughtering, or feeding for marketing or slaughtering, any cattle, hogs, sheep or other animals in any number; or any geese, chickens, ducks, turkeys, or other fowls exceeding fifty in number; that the feeding of cattle, hogs, sheep or other animals, geese, chickens, ducks, turkeys or other fowls as above provided, be and the same is hereby declared a nuisance."

The violation charged was in "unlawfully feeding within the corporate limits of said city * * * five hundred chickens, the same being then and there kept and fed within an enclosure in said city for the purpose of marketing."

The ordinance is awkwardly worded, but, as relating to the act charged against the appellant, it provides that "to keep," for the purpose of feeding for the market, any number of chickens exceeding fifty shall constitute a nuisance. So interpreted, and being of a penal character, it should be given a reasonably strict construction which, if possible, will not bring it in conflict with the constitution. "To keep," it is expressly conceded by the appellee's learned counsel, does not mean the mere transient or temporary custody within the limits of the city, as while awaiting a car for shipment, or while in a car awaiting a train which shall carry them to a distant market. He says: "It will not do, we think, to construe section 2 of said ordinance as meaning that * * * the appellant might not temporarily keep his fowls enclosed until he could load them on a car. * * * The purpose of the ordinance was, as we understand its meaning, to prevent persons from keeping for the purpose of shipment or slaughtering at some future time." Various definitions of the word "keep" are quoted to disclose a meaning of continuance, or of

considerable duration. The idea of maintaining or continuing to possess or control for a considerable period is agreeable to the purpose of preventing a nuisance. It would certainly not be within the spirit of the ordinance to condemn the attendant of a carload of fowls in transit who, while his train was switching within the city, should feed them. So if the fowls were temporarily in a freight depot awaiting shipment, and so if the buyer gathers them upon a side-track for loading and shipping within a reasonable time, but does not detain them for fattening. Otherwise shipments would be limited to fifty or less, or shippers would be required to arrange for shipping facilities without the city limits. We agree with the appellee, therefore, that the purpose of the ordinance was to prevent the gathering and continued feeding of fowls in preparation for the market, or for slaughtering as may become offensive to the senses.

While the validity of the ordinance is attacked, the attack must depend upon the interpretation and construction to be given it, and the interest of the appellant in making such attack. The evidence showed that on Saturday the appellant, who was a grocer and poultry dealer, took in five hundred chickens and retained them in the building, situate upon the ground of the Grand Rapids, etc., Railway Company, occupied by him, and near to which ran a side-track or switch of said company, and that on the following Monday they were shipped. In other words, he, as a dealer, had the chickens from Saturday until Monday, and during that time fed them where they were detained. This, we think, did not make a case within the purpose and spirit of the ordinance, and the appellant's motion for a new trial should have been sustained. The appellant has, therefore, no interest in questioning the

validity of the ordinance. The judgment is reversed, with instructions to sustain the appellant's motion for a new trial.